MISSION.— Motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

HARRY SAMWICK v. BLINDERMAN & COHEN AMUSEMENT COMPANY, INC., and Another, Impleaded with ELIAS MAYER and Others.— Motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

CHARLES J. SILVER v. AKRON TIRE COMPANY OF DELAWARE and Others.— Motion for stay pending appeal granted. Settle order on notice. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

LITTLEFIELD-SHEPPERD COMPANY, INC., v. JOHN C. DUNN.— Motion denied, with ten dollars costs, and stay vacated. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

In the Matter of JENNIE L. BROBST, Deceased.— Motion denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.

MABEL A. LUDLAM v. HENRY LUDLAM and Others.— Motion for allowance denied, except as allowed by the order of reversal entered herewith. Present — Clarke, P. J., Laughlin, Dowling, Page and Greenbaum, JJ.

MABEL A. LUDLAM v. HENRY LUDLAM and Others.— Motion for restitution denied, except as allowed by the order of reversal entered herewith. Present — Clarke, P. J., Laughlin, Dowling, Page and Greenbaum, JJ.

---

## SECOND DEPARTMENT, JANUARY, 1921.

DONALD McKELLAR, Respondent, v. AMERICAN SYNTHETIC DYES, INC. Appellant.

*Appeal — amendment of order and judgment of Appellate Division to specify particular question of fact on which reversal based.*

Motion to amend the order and judgment of the Appellate Division, Second Department, entered upon its decision (181 App. Div. 371), so as to specify the particular question of fact upon which the reversal is based.

JENKS, P. J.: The order entered upon our decision herein (181 App. Div. 371) simply reversed the judgment and order appealed from and granted a new trial. After motion made in the Court of Appeals, and by permission of that court (229 N. Y. 603), the defendant moves that we amend the order and judgment to specify the particular question of fact upon which our reversal is based. Our opinion states that we found error in the charge to the jury. Inasmuch as the " error " was not the subject of objection, exception or request, the Court of Appeals decided that the erroneous ruling constituted a " question of fact," in that the question presented is whether the party has had a fair trial. (*McKellar* v. *American Synthetic Dyes, Inc.*, 229 N. Y. 106.) We amend our judgment and order so that said judgment and order state that this court in the exercise of its